UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD MESSIER, et al., : | |
| Plaintiffs, : | |
| : | NO. 3:94-CV-01706 (EBB) |
| v. : | |
| : | |
| SOUTHBURY TRAINING SCHOOL, et al. : | |
| Defendants. : | |

RULING RE:  THE LEGAL STANDARD FOR CALCULATING ATTORNEYS' FEES

On June 15, 2011, this Court ordered the parties to submit memoranda of law setting forth their claims regarding whether historic or current rates should be used to calculate the lodestar figure for an award of attorneys' fees.  The Court concludes that use of the current rates, rather than the historic rates is appropriate for calculating the lodestar figure in this case.

The law is well-settled regarding the use of current rates for calculating the lodestar amount in litigation spanning several years.  In Missouri v. Jenkins, 491 U.S. 274, 284 (1989), the Supreme Court held that, in cases spanning several years, courts may apply "an appropriate adjustment for the delay in payment" because "compensation received several years after services were rendered . . . is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed . . . ."  In accordance with this precedent, the Second Circuit has held that, "in order to provide adequate compensation where the services were performed many years before the award is made, the rates used by the court to calculate the lodestar should be the current rather than historic hourly rates." Gierlinger v. Gleason, 160 F.3d 858, 882 (1998).  Courts in this circuit have repeatedly held that use of the current rates is appropriate for calculating the lodestar amount in protracted litigation.  See, e.g., Reiter v. MTA

1

New York City Transit Authority, 457 F.3d 224, 232 (2d Cir. 2006) ("The rates used by the court should be the current, rather than the historic hourly rates." [Internal quotation marks omitted]); A.R. ex rel R.V. v. New York City Dept. of Educ., 407 F.3d 65, 83 (2d Cir. 2005) ("[C]urrent rates rather than historical rates should be applied in order to compensate for the delay in payment."); Leblanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998) (same); Grant v. Martinez, 973 F.2d 96, 100 (2d Cir. 1992) (in protracted litigation, the court may calculate all hours at rates needed to compensate for the delay); NAACP v. Huntington, 961 F.2d 1048, 1049 (2d Cir. 1992) ("[D]istrict courts may use prevailing rates to compensate for delay in payment of fees previously earned."); M.K. ex rel. Mrs. K. v. Sergi, 554 F. Supp. 2d 233, 248 (D. Conn. 2008) (awarding fees based on current rates for legal work "performed many years ago").

The court does, however, have the discretion not to apply the current rates if the delay in the litigation was caused in whole or substantial part by the party seeking fees; see Gierlinger, 160 F.3d at 882; or if use of the current rate does not reflect the loss attributable to the delay. See NAACP., 961 F.2d at 1049. Failure to use the current rate where appropriate, however, constitutes reversible error. See Lochren v. Suffolk, 344 Fed. Appx. 706 (2d Cir. 2009).

In the present case, there has been over a seventeen-year delay in the payment of fees earned by the plaintiffs' attorneys. Moreover, reviewing the history of this case, the Court concludes that the delay in the litigation was not due in whole or substantial part to the actions of any one party. As such, use of current rates, rather than historic rates is appropriate for calculating the lodestar figure. The issue of what figure constitutes a reasonable current rate for services will be determined in a future ruling.

SO ORDERED.

/s/ Ellen Bree Burns, SUSDJ

ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 18th day of October, 2011